# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00030-FDW

| | |
|---|---|
| QUAMAINE LEE MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU GOINS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding in forma pauperis. [Doc. 2, 12].

## I.  BACKGROUND

Pro se Plaintiff Quamaine Lee Massey, a North Carolina state court inmate currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina, filed this action on March 13, 2019, pursuant to 42 U.S.C. § 1983. Plaintiff names as Defendants FNU Goins, identified as a sergeant at Alexander Correctional Institution ("Alexander") and FNU Johnson, identified as a correctional officer at Alexander. Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment "by using blameworthy state of mind by giving false [unintelligible] statements." [Doc. 1 at 5].

Specifically, Plaintiff claims that on January 20, 2019, Plaintiff was given a non-violent disciplinary infraction. Defendant Goins came to Plaintiff's cell and told Plaintiff "to cuff up for no reason." Goins put handcuffs on Plaintiff "super tight around [his] wrists" and broke Plaintiff's pinky finger in the process. Defendant Goins then took Plaintiff to the shower and made Plaintiff

strip naked, while Defendant Johnson and "other officers" took Plaintiff's property. [Doc. 1 at 5].

Plaintiff further alleges that, on January 22, 2015, Defendant Goins put Plaintiff on a Nutraloaf[1] diet for eight days for the same infraction. Plaintiff claims that, while on the Nutraloaf diet, he "starve[d] for 8 days for no reason." [Id. at 5, 6].

For relief, Plaintiff seeks monetary damages or "5 years off [his] sentence." [Doc. 1 at 8].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

---

[1] Nutraloaf "is made by blending a variety of foods from normal prison meals. Only fresh ingredients are used, and they are mixed according to nutritionally balanced recipes. The resulting substance is then frozen and later baked into a solid loaf and fed to inmates. This loaf, while not particularly appetizing, does exceed an inmate's minimal daily requirements for calories, protein, and vitamins." LeMaire v. Maass, 12 F.3d 1444, 1455 (9th Cir. 1993).

## III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff brings an Eighth Amendment claim against Defendants for what Plaintiff calls "using a blameworthy state of mind…" [Doc. 1 at 5]. Given Plaintiff the benefit of every reasonable inference, the Court will construe his claim as one based on the use of excessive force as to the alleged acts on January 20, 2019. In examining an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who

> complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 37-38 (citations omitted).

Here, the Plaintiff claims that Defendant Goins applied handcuffs very tightly to Plaintiff's wrists and broke Plaintiff's finger in the process. Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has stated a claim against Defendant Goins for the use of excessive force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment in relation to the application of the handcuffs and Plaintiff's broken finger. Plaintiff however has not stated a claim for cruel and unusual punishment relative to being forced to remove his clothing in the shower, as Plaintiff has not alleged any injury resulting from this conduct.

As for the eight-day Nutraloaf diet, "[t]he Eighth Amendment requires that inmates be provided well-balanced meals, containing sufficient nutritional value to preserve health." James v. Bailey, No. 3:15-cv-519, 2017 WL 193494, at *5 (E.D. Va. Jan. 17, 2017) (quoting Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks omitted)). However, contrary to Plaintiff's assertions, being fed nutraloaf for a period of eight days is not cruel and unusual punishment. Id. (citations omitted). See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (concluding that use of Nutraloaf diet for seven days did not violate inmate's Eighth Amendment rights); Thomas v. Warner, 237 Fed. App'x 435, 438 (11th Cir. 2007) (finding that plaintiff did not state an Eighth Amendment claim based on his dietary restrictions for high blood pressure and being fed Nutraloaf for 20 days during isolation); Tyler v. Lassiter, No. 5:13-CT-3139-FL, 2016 WL 866325, at *5 (E.D.N.C. Mar. 3, 2016) (no Eighth Amendment violation found where the

plaintiff was served Nutraloaf for seven days and plaintiff did not establish evidence of significant injury).

Here, Plaintiff alleges that Defendant Goins ordered that Plaintiff be served a Nutraloaf diet for a period of eight days in punishment for Plaintiff's infraction. Plaintiff alleges vaguely that he "starved" as a result, although he does not allege that he suffered any weight loss or any other significant injury. Plaintiff, therefore, has not alleged facts in support of either the subjective or objective components of an Eighth Amendment violation. As such, Plaintiff has failed to state a claim against Defendant Goins based on Defendant Goins' alleged order for Plaintiff to be served a Nutraloaf diet for eight days.

As to Defendant Johnson, Plaintiff alleges, at best, that Defendant Johnson held Plaintiff's property, presumably clothing, while Defendant Goins forced Plaintiff to remove his clothing on January 20, 2019. These allegations do not support a claim for cruel and unusual punishment under the Eighth Amendment against Defendant Johnson. The Court will, therefore, dismiss Defendant Johnson as a Defendant in this matter.

IV. **CONCLUSION**

In sum, the Complaint survives initial review as to Defendant Goins under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A for the events of January 20, 2019 related to the use of handcuffs. Plaintiff's claim against Defendant Goins related to the order for a Nutraloaf diet is dismissed, and Defendant Johnson is dismissed as a Defendant in this matter.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to Defendant Goins in accordance with this Order, but not as to Defendant Johnson, who shall be dismissed from this action.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant Goins, who is a alleged to be a current or former employee of NCDPS.

**IT IS SO ORDERED**.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge