# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00030-MR

| QUAMAINE LEE MASSEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| DUSTIN GOINS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss. [Doc. 23].

## I.　BACKGROUND

Pro se Plaintiff Quamaine Lee Massey is an inmate of the State of North Carolina, currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. Plaintiff filed this action on March 13, 2019, pursuant to 42 U.S.C. § 1983, against Defendants Dustin Goins, identified as a Sergeant at Alexander Correctional Institution ("Alexander"), and FNU Johnson, identified as a correctional officer at Alexander. [Doc. 2]. Plaintiff alleged that, on January 20, 2019, Defendant Goins used excessive force when he broke Plaintiff's pinky finger in the course of handcuffing Plaintiff too tightly. [Doc. 1 at 5]. Plaintiff also alleged that Defendant Goins ordered

that Plaintiff be served a Nutraloaf diet for eight days as punishment for an infraction and that Defendant Johnson held Plaintiff's clothing when Defendant Goins ordered Plaintiff to undress. On initial review under 28 U.S.C. § 1915(e) and § 1915A, the Court dismissed Defendant Johnson and allowed only Plaintiff's claim against Defendant Goins based on the use of excessive force in violation of Plaintiff's Eighth Amendment rights to proceed. [Doc. 15]. In his Complaint, Plaintiff states that he filed a grievance "concerning the facts relating to [his] complaint," but admitted that the grievance process was not complete when he filed his Complaint. [Doc. 1 at 8].

On March 9, 2020, Defendant filed the pending motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies. [Doc. 23]. On March 16, 2020 this Court entered an order, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his right to respond to Defendants' motion within fourteen (14) days of that Order. [Doc. 25]. On March 25, 2020, Plaintiff filed a grievance form dated March 19, 2020 in which Plaintiff complains of the conduct at issue in the Complaint.[1]

---

[1] Plaintiff also filed a document that was docketed as a Motion for Hearing [Doc. 32], which appears to be a motion for a hearing related to a motion for appropriate relief he filed in his state criminal proceedings. This Court has no authority to order such a hearing and this motion will be denied.

[Doc. 27]. In response to Defendant's motion to dismiss, Plaintiff filed a half-page handwritten document he titled "Brief," in which he simply restates the allegations of his Complaint. [Doc. 28].

The matter is now ripe for adjudication.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es]

3

proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011). The North Carolina Department of Public Safety ("NCDPS") has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

Here, Plaintiff admits in his Complaint that he had not exhausted his administrative remedies at the time he filed this lawsuit.[2] [Doc. 1 at 8].

---

[2] Defendant submitted materials in support of his motion to dismiss evidencing grievances that were filed by Plaintiff both before and after Plaintiff filed this lawsuit. [Docs. 24-1, 24-2]. These grievances include a grievance related to Plaintiff's nutraloaf diet, but no grievance related to the alleged use of excessive force. [See Doc. 24-2 at 2-5]. While the Court need not rely on these documents since Plaintiff plainly admitted not completing the administrative remedy process before filing the Complaint, the Court could properly

4

Plaintiff did not file a grievance related to the alleged use of excessive force until after Defendant moved to dismiss Plaintiff's Complaint in this matter. [See Doc. 27]. Because Plaintiff failed to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a) before filing this lawsuit, his claim against Defendant must be dismissed without prejudice. See Harris v. Midford, No. 1:10-cv-263, 2011 WL 1601446 (W.D.N.C. Apr. 27, 2011). The Court will, therefore, grant Defendant's motion to dismiss.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants Defendant's Motion to Dismiss and dismisses this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss [Doc. 23] is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Plaintiff's motion for hearing [Doc. 32] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk update the docket in this matter to reflect the true full name of Defendant FNU Goins as Dustin Goins.

---

do so. Yarber v. Capital Bank, 944 F.Supp.2d 437, 441 (E.D.N.C. Mar. 18, 2013) ("The court may also consider documents attached to the complaint and documents attached to the motion to dismiss if those documents are integral to the complaint and authentic.").

5

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 29, 2020

Martin Reidinger
Chief United States District Judge